Dear Mr. Delahaye:
You have requested an opinion from this office concerning the disposition of certain schools that are no longer used or needed for any educational purpose. You state that the school board followed procedures in LSA-R.S. 41:891 et seq. and sold certain abandoned schools but that some containing asbestos remain unsold. You further state that the unsold schools are more of a liability than an asset. You ask if the school board may transfer title of certain of these unsold schools to "community groups" with the stipulation that the properties be restricted to "community use only," and that title would revert back to the school board if the properties are no longer used in this fashion.
It is clear that the general delegation of power to school boards to alienate real estate contained in Title 17, see e.g. LSA-R.S. 17:87.6, is modified by the more restrictive terms of LSA-R.S. 41:711 et seq. Attorney General Opinion Number 86-591, A. It is also clear that school boards must comply with Title 41 prior to any alienation. Attorney General Opinion Numbers 89-107, 88-568 and 88-331. Noncompliance with statutory procedure prior to alienation may result in a transaction best characterized as a prohibited donation of state property. La. Const. Art. 7, § 14.
On the other hand, if the property remaining unsold after compliance with Title 41 is appraised at a negative fair market value, i.e. it is in fact as you state in your request more of a liability than an asset, an alienation such as the one at issue may not be characterized as a prohibited donation. Additionally, the school board may wish to consider engaging in a cooperative endeavor under La. Const. Art. 7, § 14 (C) under which it would retain title to the property but transfer all liability to any community group or its insurer. Finally, it should be noted that this opinion does not address any issue of liability the school board may have, especially for damage resulting from the alienation of property containing asbestos. This opinion further assumes that Title 41 has been complied with and that no sixteenth section land is involved. See LSA-R.S. 41:711 et seq.
In sum, a school board may transfer title over unsold properties possessing an appraised negative fair market value to community groups for community use only with title to revert to the school board once the properties are no longer used for community use after compliance with procedures contained in Title 41.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JAMES C. HRDLICKA Assistant Attorney General
RPI/JCH/cdw